G. W. HERD & SON, Appellants, v. BANK OF BUFFALO, Respondent.

Kansas City Court of Appeals, May 18, 1896.

1. **Principal and Agent**: EXPIRATION OF AGENCY. A mortgage leaving the mortgagor in possession until default as agent of the mortgagee with authority to purchase additions to the stock under the mortgagee's direction, does not make the mortgagor the agent of the mortgagee to make purchases after default.

2. ——: RATIFICATION. In order that there may be a ratification of the act of an agent, the act must have been done as an agent for the principal.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*Levi Engle* for appellants.

(1) "A party who enters into a contract with the agent of an undisclosed principal, may, after the principal has been disclosed, proceed either against the principal or the agent under the contract." *Session v. Block*, 40 Mo. App. 569; *Higgins v. Dellinger*, 22 Mo. 397. (2) Defendant's instructions, numbered 10 and

11, should not have been given. They are against both the law and the evidence. Finley was defendant's agent. He was empowered by the very instrument under which defendant claimed the goods to purchase goods necessary to keep up the stock. (3) If it be held that Finley's purchase was unauthorized and beyond his authority, appellants make the point that defendant ratified Finley's act, and the court should have given instructions numbered 5, 8, and 9, asked for by plaintiffs. *Davis v. Krum*, 12 Mo. App. 279; *Watson v. Bigelow*, 47 Mo. 413; *Norton v. Bull*, 43 Mo. 113; *Nichols, Shepard & Co. v. Kern*, 32 Mo. App. 1, and authorities cited; *Bank v. Lumber Co.*, 54 Mo. App. 327; 60 Mo. App. 255. The above rule applies to corporations as well as to natural persons. *University v. Jordan*, 29 Mo. 68; *Chouteau v. Allen*, 70 Mo. 290; *Preston v. Lead Co.*, 51 Mo. 43; *Bank v. Frick*, 75 Mo. 178, and cases cited.

*John S. Haymes* and *D. M. Rush* for respondent.

(1) If effect is given to the whole mortgage, as it must be, Finley was not defendant's agent for any purpose, at the time the whisky was purchased by him, for by its express provisions, his agency terminated when the note matured. Mechem on Agency, p. 129, sec. 200. (2) Even if it be held that Finley was defendant's agent when purchase was made, as it was not made by the direction or with the consent of the bank, he exceeded his authority. *Ayers v. Milroy*, 53 Mo. 516; Mechem on Agency, p. 170, sec. 288. And an undisclosed principal can only be held when the agent acted within the scope of his authority. Mechem on Agency, p. 530, sec. 701. (3) The action of Finley in buying the whisky was not, and could not be, ratified. Mechem on Agency, pp. 80, 81, secs. 111, 112, 114, 115;

*Maguire v. Association*, 62 Mo. 344; Mechem on Agency, p. .84, sec. 118; *Bank v. Oliver*, 62 Mo. App. 390; Mechem on Agency, pp. 86, 87, secs. 124, 127; *Mill Co. v. Brundage*, 25 Mo. App. 268; *Steinkamper v. McManus*, 26 Mo. App. 51.; R. S. 1889, sec. 2748; *Windsor v. Bank*, 18 Mo. App. 665.

ELLISON, J.—This action is for the price of goods charged to have been purchased by defendant through one Finley, who, it is contended, was defendant's agent. The judgment below was for defendant.

Finley gave defendant a mortgage on a stock of merchandise to secure a note of $504.64, with eight per cent interest. The note and mortgage were dated October 10, 1893, the note being due in thirty days. The mortgage contained a provision, the effect of which was that Finley should remain in possession as agent of the defendant, until default in the note, and that he should render a daily account of the sales. It also contained a provision which, in effect, allowed Finley to purchase additions to the stock, which might be directed by defendant. Sometime after the note became due, but a short while before defendant had exercised its privilege of taking possession of the stock, Finley purchased the goods in question and they were taken possession of by defendant, with the balance of the stock. At the time Finley purchased the goods in question, plaintiffs had no information that he was acting as agent for defendant, he only assuming to act for himself. Afterward, as plaintiffs allege, they became aware that defendant was the principal in the transaction and Finley merely an agent, and thereupon sued defendant.

It is undoubtedly true that an agent may contract in his own name, without making known his agency, and yet his principal be held on the contract, when dis-

covered by the other party. But here, as we interpret the mortgage and evidence, Finley was not defendant's agent after default in the note. The mortgage so reads. The necessary implication, from its terms, is that the agency ceased at the maturity of the note. It was only while the note was maturing that Finley could claim the right to the possession, or to exercise an agency.

But it is claimed by plaintiff's counsel that defendant afterward ratified the act of Finley in purchasing the goods. There can be no ratification under the facts disclosed. The evidence shows that defendant took possession of the goods under the mortgage and sold them with the other property. But that was done under the terms of the mortgage and by reason of the mortgage. The purchase had been made by Finley for himself—he did not act for a principal—and, of course, did not disclose a principal. In order that there may be a ratification of the act of an agent, the act must have been done as an agent for a principal. Ratification means to adopt the act of a person which has been performed for another. Bouv. Dict. Here the act of purchase was for Finley—he was not, at the time, an agent in fact, and he did not assume to act as an agent—he acted for himself. In such case, while there might be a confirmation of what he did, resting upon a consideration, there can be no ratification. Mechem, Agency, secs. 124, 127; *Hamlin v. Sears*, 82 N. Y. 327; *Railroad v. Gazzam*, 32 Pa. St. 340.

The foregoing considerations show the court's action to have been right and cover all objections made to the court's action on instructions. The judgment will, therefore, be affirmed. All concur.